# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN ROYSTER,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>FIRST HORIZON HOME LOANS, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 11cv2077 DMS (WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE** |

In this mortgage foreclosure action, Defendants First Tennessee Bank National Association and MetLife Home Loans Servicing filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) for failure to properly serve them and for failure to state a claim pursuant to Rule 12(b)(6). They also moved to strike pursuant to Rule 12(f) Plaintiffs' quiet title claim and certain prayers for relief. Plaintiff did not file an opposition.

According to the complaint and exhibits attached thereto, on October 5, 2006, Plaintiff borrowed $ 351,000 from First Horizon Home Loan Corporation, secured by a deed of trust on the residence located at 4078-4080 North 38th Street in San Diego, California (the "Property"). The loan was subsequently assigned to First Horizon Home Loans ("First Horizon"), a Division of First Tennessee Bank (the "Bank"). MetLife Home Loan Servicing ("MetLife") serviced the mortgage. Plaintiff started having difficulties making payments, and on March 2, 2008 MetLife caused a notice of default to be recorded against the Property. (Compl. at 4.) Plaintiff attempted to negotiate with

1  MetLife to modify the loan or refinance it, and complied with all of MetLife's requests for information
2  and documentation regarding the loan modification. (*Id.*) On April 1, 2011 MetLife and First Horizon
3  informed Plaintiff in a telephone call that they would modify the loan. (Compl. at 5.) After the pone
4  call, on April 5, 2011, First Horizon sent Plaintiff an e-mail reassuring him it was still willing to work
5  with Plaintiff to modify the loan. (*Id.*)  Nevertheless, on April 6, 2011, the Property was sold at a
6  foreclosure sale to First Horizon. (*Id.*; *see also* Trustee's Deed Upon Sale.)

7      On April 19, 2011, Plaintiff, proceeding *pro se*, filed a complaint in state court alleging that
8  MetLife and First Horizon fraudulently promised him to modify the loan only to lull him into failing
9  to exercise his rights under the law to reinstate the loan or otherwise forestall the foreclosure. He
10 alleged causes of action for fraud, breach of contract and breach of the implied covenant of good faith
11 and fair dealing.  He also contended there were several violations of the California Civil Code
12 provisions and other violations in the foreclosure procedure.  In addition to damages, including
13 punitive damages, he requested the court to set aside the trustee's sale and quiet title to the Property.

14     MetLife and the Bank removed the action to this Court based on diversity of citizenship. They
15 also filed the pending motions to dismiss and to strike, which Plaintiff did not oppose. If an opposing
16 party fails timely to file opposition papers as provided in Civil Local Rule 7.1(e)(2), "that failure may
17 constitute a consent to the granting of a motion or other request for ruing by the court." S.D. Cal. Civ.
18 Loc. R. 7.1(f)(3)(c).

19     The moving parties served Plaintiff as required by Federal Rule of Civil Procedure 5 to the
20 address he provided in his complaint, as well as other addresses. Plaintiff has not informed the Court
21 of any change of address for service, as required by Civil Local Rule 83.11(b). Plaintiff was served
22 with the notice of removal, the moving papers and the notice of Plaintiff's failure to oppose, which
23 includes the moving parties' request to grant the motions as unopposed. To date, Plaintiff has not
24 responded. Under these circumstances, the Court may grant the motions as unopposed and dismiss
25 the complaint. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). Alternatively, upon review
26 of the proofs of service of summons and complaint, it appears that Plaintiff did not properly serve the
27 moving parties, and that the complaint should be dismissed against them pursuant to Rule 12(b)(4)
28 and (5).

1       Based on the foregoing, it is hereby **ORDERED** as follows:

2       1. The motion to dismiss filed by Defendants First Tennessee Bank National Association and MetLife Home Loans Servicing is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent it is based on Federal Rule of Civil Procedure 12(b)(4) and (5), and **DENIED WITHOUT PREJUDICE** to the extent it is based on Rule 12(b)(6). Their motion to strike pursuant to Rule 12(f) is **DENIED AS MOOT**.

      2. The time for Plaintiff to properly serve Defendants First Tennessee Bank National Association and MetLife Home Loans Servicing is hereby extended pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff must file proofs of service of the complaint and summons on these Defendants no later than **January 9, 2012**. The proofs of service must show that these Defendants were served in accordance with Rule 4 of Federal Rules of Civil Procedure. Failure to timely file proper proofs of service as provided herein will result in the dismissal of claims against Defendants First Tennessee Bank National Association and MetLife Home Loans Servicing.

**IT IS SO ORDERED.**

DATED: December 12, 2011

                                    HON. DANA M. SABRAW
                                    United States District Judge