# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN ROYSTER,<br><br>         Plaintiffs,<br>    vs.<br><br>FIRST HORIZON HOME LOANS, *et al.*,<br><br>         Defendants. | CASE NO. 11cv2077 DMS (WMC)<br><br>**ORDER GRANTING IN PART AND DENYING PART PLAINTIFF'S EX PARTE APPLICATION** |

On February 22, 2012, Plaintiff in this mortgage foreclosure action, proceeding *pro se*, filed an Ex Parte Motion for Relief from Improper Lock-out and Seizure of Personal Property/Request to Stop Sale of Home to Third Party While in Litigation ("Ex Parte Application"). On February 23, 2012, the Court issued a briefing schedule, ordering Defendants to show cause why Plaintiff's Ex Parte Application should not be granted. Pursuant to the order, on February 28, 2012, Defendants filed a response and on March 5, 2012 Plaintiff replied. On March 9, 2012, Defendants filed a declaration of Emily S. Fong, which appears to serve as their sur-reply.[1] For the reasons which follow, Plaintiff's Ex Parte Application is **GRANTED IN PART AND DENIED IN PART**.

According to the complaint and exhibits attached thereto, on October 5, 2006, Plaintiff borrowed $ 351,000 from First Horizon Home Loan Corporation, secured by a deed of trust on the residences located at 4078-4080 North 38th Street in San Diego, California (collectively the "Property"). The loan was subsequently assigned to First Horizon Home Loans ("First Horizon"), a

---

[1] Defendants did not seek leave of Court to file a sur-reply.

- 1 -

Division of First Tennessee Bank (the "Bank"). MetLife Home Loan Servicing ("MetLife") serviced the mortgage. Plaintiff started having difficulties making payments, and on March 2, 2008 MetLife caused a notice of default to be recorded against the Property. (Compl. at 4.) Plaintiff attempted to negotiate with MetLife to modify the loan or refinance it, and complied with all of MetLife's requests for information and documentation regarding the loan modification. (*Id.*) On April 1, 2011 MetLife and First Horizon informed Plaintiff in a telephone call that they would modify the loan. (Compl. at 5.) After the phone call, on April 5, 2011, First Horizon sent Plaintiff an e-mail reassuring him it was still willing to work with Plaintiff to modify the loan. (*Id.*)  Nevertheless, on April 6, 2011, the Property was sold at a foreclosure sale to First Horizon. (*Id.*; *see also* Trustee's Deed Upon Sale.)

On April 19, 2011, Plaintiff filed this action in state court, alleging that MetLife and First Horizon fraudulently promised him to modify the loan only to lull him into failing to exercise his rights under the law to reinstate the loan or otherwise forestall the foreclosure. He alleged causes of action for fraud, breach of contract and breach of the implied covenant of good faith and fair dealing. He also contended there were several violations of the California Civil Code provisions and other violations in the foreclosure procedure. In addition to damages, including punitive damages, he requested to set aside the trustee's sale and quiet title to the Property. On September 9, 2011, MetLife and the Bank removed the action to this Court based on diversity of citizenship.

During the pendency of this action in state court, First Horizon filed unlawful detainer actions to obtain possession of the Property. According to Plaintiff, in June 2011 First Horizon filed an unlawful detainer to obtain possession of the 4080 North 38th Street premises, but voluntarily dismissed it on June 23, 2011. (*See* Pl.'s Reply at 1-2, 3 & 19 (Request for Dismissal); *see also* Pl.'s Ex Parte App.[2]) Plaintiff claims First Horizon represented he would not be evicted from the 4080 North 38th Street premises until his wrongful foreclosure claims, asserted in this action, were adjudicated. (Pl.'s Reply at 5, 7; *see also* Pl.'s Ex Parte Application.)

---

[2] Plaintiff's Ex Parte Application and reply brief are signed under penalty of perjury, and are therefore treated as declarations in support of his Ex Parte Application. Because Plaintiff's page and exhibit numbering is inconsistent, the Court refers to the page numbers assigned to Plaintiff's reply brief when it was field in the electronic case filing system.

On August 3, 2011, First Horizon filed two unlawful detainer proceedings, one against Plaintiff for possession of the 4078 North 38th Street premises and one against Martha Slover for possession of the 4080 North 38th Street premises. Plaintiff was not a named party to the latter proceeding. On August 31, 2011, a default judgment was entered against Plaintiff as to the 4078 North 38th Street premises, and on September 27, 2011, summary judgment was entered against Ms. Slover as to the 4080 North 38th Street property.

Shortly before filing his Ex Parte Application in February 2012, Plaintiff was locked out of the 4080 North 38th Street premises. (Reply at 3.) He was told he would be contacted about his personal property, which was removed from the premises, and was given a phone number to call. However, Plaintiff has not been contacted for return of his personal property and no one is returning his calls. (*Id*; *see also* Ex Parte App.) He claims the 4080 North 38th Street premises were his home, and seeks to regain possession of the premisses and his personal property, including his clothing, furniture, appliances, car and personal and legal documents, which were removed. In addition, he seeks to prevent the sale of the Property by First Horizon to a third party. Plaintiff argues he was not served with the unlawful detainer action as to the 4080 North 38th Street premises, was not aware of the judgment being entered for possession of that property, and was not served with a writ of possession. (*See* Pl.'s Reply at 2-3, 5.)

Plaintiff's Ex Parte Application is construed as a motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking such relief must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter,* 555 U.S. at 20).

Plaintiff's request for return of possession of the 4080 North 38th Street premises and block sale of the Property to a third party is based on his contention that the trustee's sale to First Horizon was unlawful and should be set aside. To obtain such relief, Plaintiff would have to tender the amount

- 3 -

owed on the Property. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal. App. 3d 112, 117 (1971); *see also* Miller & Starr Cal. Real Estate § 10:212 (3d ed. 2011). Plaintiff has not offered to do so either in the complaint or Ex Parte Application, and is therefore not likely to succeed on the merits of his claim. To the extent Plaintiff requests possession of the 4080 North 38th Street premises and order preventing sale of the Property, his Ex Parte Application is denied. The Court need not reach Defendants' alternative reasons for denying this relief.

Defendants did not oppose Plaintiff's request for return of his personal property, which was removed when he was locked out of the 4080 North 38th Street premises. In this regard, Defendants have abandoned their argument, and Plaintiff's Ex Parte Application is granted as unopposed to the extent he seeks the return of his personal property. *See Walsh v. Nev. Dep. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (failure to raise issue in opposition to motion to dismiss); *see also* Civ. Loc. R. 7.1(f)(3).

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Ex Parte Motion for Relief from Improper Lock-out and Seizure of Personal Property/Request to Stop Sale of Home to Third Party While in Litigation is **GRANTED** insofar as he seeks the return of his personal property removed from 4080 North 38th Street in San Diego, California. In all other respects, the Ex Parte Application is **DENIED**.

2. No later than April 3, 2012, Defendants shall comply with this order by returning to Plaintiff all personal property, including but not limited to clothing, furniture, appliances, car and personal and legal documents, which were removed from 4080 North 38th Street in San Diego, when First Horizon took possession of the premises.

**IT IS SO ORDERED.**

DATED: March 20, 2012

_____
HON. DANA M. SABRAW
United States District Judge